YABUCOA SUGAR Co., Plaintiff and Appellant, *v.* ERNESTO FERNANDO SCHLÜTER, Defendant and Appellee.

No. 5309. Argued February 12, 1931.—Decided March 19, 1931.

Mr. Justice Hutchison delivered the opinion of the Court.

On September 16, 1921, Manuel Carrasquillo and his wife executed a promissory note payable May 31st, 1922 to Sobrinos de Ezquiaga, or its order. On November 20th, 1921, Carrasquillo, with the consent of his wife, executed a mortgage in favor of Sobrinos de Ezquiaga or of their endorsees to secure the payment of the note. This mortgage was recorded in the registry of property in favor of the mortgage creditor or endorsees. On July 10th, 1924, Sobrinos de Ezquiaga assigned the mortgage to the Yabucoa Sugar Company. This transfer was never recorded in the registry of property.

On March 15, 1930, the Yabucoa Sugar Company attempted to institute a summary foreclosure proceeding against Ernesto Fernando Schlüter, then the owner of the mortgaged property. The district judge refused to issue a demand for payment on the ground that Ezquiaga & Company or their endorsees were the record owners of the note, and that the unrecorded assignment of the mortgage, without the note, was not sufficient proof of title in the Yabucoa Sugar Company.

Article 152 of the Mortgage Law reads as follows:

"A mortgage credit may be conveyed or assigned to a third person in whole or in part, provided it be effected by means of a public instrument, notice of which is given to the debtor, and that it be recorded in the registry.

"The debtor shall not be bound by said contract to any further extent than he was by his own.

"The assignee shall be subrogated to all the rights of the assignor."

Article 153, as amended in 1912, (Session Laws, p. 67) now reads:

"In a mortgage created to guarantee obligations negotiable by means of endorsements or securities to bearer, when the mortgage interest is alienated or assigned, it shall be understood that the latter is transferred together with the obligation or with the deed, it being unnecessary to give notice thereof to the debtor, or to record the transfer in the Registry.

"Such obligations may be constituted by the owner of an estate or interest, without specifying the name of the creditor, executing them generically to the order of the person in whose favor the handwritten documents may be transferred or endorsed by the mortgager."

The phrase "together with the obligation or with the deed", in the War Department translation before the amendment, read "together with the obligation or document". Compiled Statutes 1911, sec. 6837. The Spanish text both before and after amendment reads *"se entenderá éste transferido con la obligación o con el título"*. The obvious purpose of the amendment was the addition of the last sentence in the article as amended. The purpose of the article itself, both before and after amendment was to facilitate the transfer of negotiable instruments together with the mortgage executed to secure the payment thereof. Whatever the intention of the Legislature may have been, it was not to relieve the assignee of a mortgage from the necessity of recording the assignment, when unaccompanied by endorsement or delivery of the negotiable instrument secured by the mortgage.

The authorities cited by appellant (*First National Bank* v. *Com. Savings Bank,* 8 L.R.A. (N. S.) 1148; *Hall* v. *Jameson,* 12 L.R.A. (N. S.) 1190, 151 Cal. 606; and L.R.A. 1918 D, 522) in support of the contention that "two instruments in relation to the same matters, executed at the same time, must be construed together" are not in point.

The order appealed from must be affirmed.